

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT McFADDEN,

    Plaintiff,

v.                                     19-CV-766 (JLS) (LGF)

LYNN CONNERS, Food Administrator,
D. BEECROFT, Food Administrator,
OFFICER REDDEN,
OFFICER RIPINI,

    Defendants.

---

## DECISION AND ORDER

Robert McFadden commenced this action on June 10, 2019, pursuant to 42 U.S.C. § 1983. Dkt. 1. He alleges Defendants Lynn Conners, D. Beecroft, Officer Redden, and Officer Ripini,[1] all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), violated the Eighth Amendment and committed common law tort when they served him meals that did not comply with his medically restricted diet, causing him to skip meals and become physically ill. *Id.* The case was originally assigned to United States District Judge Vilardo, who referred the matter to United States Magistrate Judge Foschio to hear and determine, and report and recommend on, all pre-trial proceedings under 28

---

[1] The Court notes that McFadden's complaint also named Joseph Noeth and Officer D. Crane as defendants but as of September 18, 2019, they were terminated from this case.

U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 29. The case was then reassigned to the undersigned on February 19, 2020. Dkt. 30.

Defendants moved for partial dismissal claiming that, as DOCCS employees, they are immune from state law actions arising during the execution of their duties. Dkt. 21. Defendants cite New York State Corrections Law § 24(2), which requires such actions to be brought in the New York Court of Claims. McFadden filed a response along with a motion to amend his complaint. Dkt. 25. Defendants filed a reply (Dkt. 26), after which McFadden amended his motion to amend. Dkt. 28. On August 2, 2021, Judge Foschio issued a Report, Recommendation, and Order ("R&R") that, among other things, recommended granting Defendants' motion to dismiss. Dkt. 35. Neither party filed objections.

A district judge may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district judge must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district judge to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Based on the Court's review of the R&R and the absence of any objections, the Court accepts Judge Foschio's recommendation to grant Defendants' partial motion to dismiss.

## CONCLUSION

For the reasons stated above, Defendants' partial motion to dismiss is GRANTED. McFadden's state law claims are DISMISSED with prejudice.

**SO ORDERED.**

Dated:   August 30, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE